UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLIFFORD L. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00508-JPH-MKK |
| | ) |
| SIEMENS HEALTHCARE DIAGNOSTIC INC. d/b/a Siemens Healthineers, LINDA WOOD, CHRISTOPHER HAMALAK, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Clifford Taylor, brings this lawsuit against his former employer and two of its employees, alleging that he was fired because of his religion in violation of Title VII of the Civil Rights Act. Dkt. 1. Defendants, Siemens Healthcare Diagnostic, Linda Wood, and Christopher Hamalak, have moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). Dkt. 16.

Mr. Taylor has filed a motion for leave to file an amended complaint. Dkt. 22. This motion—filed 17 days after Defendants' motion to dismiss— would normally be granted as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) (providing that a party may amend its pleading once "as a matter of course within" "21 days after service of a motion under Rule 12(b)"). However, Mr. Taylor's motion, dkt. [22], is **DENIED as presented**.

Mr. Taylor's motion to amend his complaint is a list of two items he wishes to correct. Dkt. 22. First, he wants the signature date to be changed. *Id.* at 1. Second, he seeks to change the date he said he received his right-to-

1

sue letter from the EEOC from August 11, 2022, to August 13, 2022. *Id.* at 1–2.[1] This date change is important because the Defendants' motion to dismiss argues, in part, that Mr. Taylor's lawsuit is untimely because it was filed just outside of the 90-day window to do so. *See* dkt. 17 at 4–5. The date change to August 13, 2022, would seemingly fix that issue.

"For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture." *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). So, when a party wants to make a change to its complaint, it has to file a whole new one. It can't make tweaks and changes by motion. *See id.*; See *Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed . . . it became the governing document in the case and any allegations . . . not brought forward fell by the wayside."). Since Mr. Taylor's motion to amend a complaint is just a list of corrections, it does not work as the operative complaint in this case. *See* Fed. R. Civ. P. 8(a) (stating that a complaint must contain, among other things, "a short and plain statement of the claim").

To that end, the **Clerk is directed** to enclose a blank copy of the Court's form "Complaint for Employment Discrimination"—the same document that Mr. Taylor originally filled out as his complaint. *See* dkt. 1. If Mr. Taylor seeks to file an amended complaint, he should do so on this form. Any corrections that Mr. Taylor wishes to make should be incorporated in this amended

---

[1] Mr. Taylor says he is "requesting that the Claim reflect the date change with August 13 2021," but it's clear from the context of his motion that he means 2022.

complaint, mindful that that document would be the operative pleading in the case. The amended complaint must also include the case number, No. 2:22-cv-00508-JPH-MKK, and "Amended Complaint" on the first page.

Mr. Taylor shall have **until April 14, 2023,** to file this amended complaint. Mindful of the leniency given to *pro se* plaintiffs and given that Mr. Taylor attempted to file his amended complaint within the time that leave should be freely given, *see* Fed. R. Civ. P. 15(a)(1)(B), the Court intends to give leave for Mr. Taylor to file his amended complaint, assuming it is timely and proper.

**SO ORDERED.**

Date: 3/27/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLIFFORD L. TAYLOR
8240 E County Rd 450 N
Coatesville, IN 46121

All Electronically Registered Counsel