UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLIFFORD L. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:22-cv-00508-JPH-MKK |
| | ) |
| SIEMENS HEALTHCARE DIAGNOSTIC | ) |
| INC. d/b/a Siemens Healthineers, | ) |
| LINDA WOOD, | ) |
| CHRISTOPHER HAMALAK, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiff, Clifford Taylor, brings this lawsuit against his former employer—Siemens—and two of its employees, alleging that he was fired because of his religion in violation of Title VII of the Civil Rights Act. Defendants have filed a motion to dismiss only the claims against the individual employees. Dkt. [30]. Because only employers—and not fellow employees—may be sued under Title VII, that motion is **GRANTED**.

**I.
Facts and Background**

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Mr. Taylor worked for Siemens—a medical distribution company—as a maintenance employee from July 2021 to December 2021. Dkt. 27 at 5 (Am. Compl.). He was fired by a human resources representative, Linda Wood, and

1

a building director, Christopher Hamalak, after he requested a religious exemption to a vaccine mandate. *Id.*; *see* dkt. 32 at 3 (clarifying the nature of the religious exemption). Mr. Taylor then filed this case, alleging that Siemens, Ms. Wood, and Mr. Hamalak discriminated against him on the basis of his religion, in violation of Title VII of the Civil Rights Act of 1964. Dkt. 27 at 2. The Defendants have filed a motion to dismiss the claims against Ms. Wood and Mr. Hamalak. Dkt. 30.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## III.
## Analysis

In this Title VII case, Mr. Taylor sues Siemens and two of its employees, Linda Wood and Christopher Hamalak. Dkt. 27 at 3. Defendants argue that, because Title VII imposes liability only on employers—and not individual employees—the claims against Ms. Wood and Mr. Hamalak should be dismissed. Dkt. 31 at 3–4. Mr. Taylor responded to the motion but did not address this argument. *See* dkt. 32.

"[T]here is no individual liability under Title VII." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017); *see Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012) (reversing Title VII damages award against supervisor who "could not be held individually liable"); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995) ("Congress granted only remedies that an employing entity, not an individual, could provide."). Since Ms. Wood and Mr. Hamalak are individual employees, they cannot be held liable under Title VII. *See Nischan*, 865 F.3d at 930. Thus, Mr. Taylor's claims against them are **DISMISSED**.[1]

## IV.
## Conclusion

Defendants' partial motion to dismiss, dkt. [30], is **GRANTED**. Mr. Taylor's claims against Ms. Wood and Mr. Hamalak are **DISMISSED**.

---

[1] Because this issue is dispositive, the Court does not address Defendants' other arguments in favor of dismissal of Ms. Wood and Mr. Hamalak.

The **Clerk is directed** to **terminate** Linda Wood and Christopher Hamalak as Defendants on the docket.

**SO ORDERED.**

Date: 8/14/2023

                                               James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLIFFORD L. TAYLOR
8240 E County Rd 450 N
Coatesville, IN 46121

All electronically registered counsel.